IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JERRY DEAN MCGINNIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-01135-CV-W-ODS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

<u>ORDER AND OPINION (1) GRANTING DEFENDANT'S MOTION TO STRIKE,
AND (2) DENYING DEFENDANT'S MOTION TO DISMISS</u>

Pending are Defendant's Motion to Dismiss, and Defendant's Motion to Strike. Doc. #6. For the following reasons, Defendant's Motion to Strike is granted, and Defendant's Motion to Dismiss is denied.

## I. BACKGROUND

On October 21, 2016, Plaintiff filed this matter alleging claims under the Federal Tort Claims Act ("FTCA"). Doc. #1. In his Complaint, Plaintiff seeks damages for personal injuries allegedly resulting from Defendant's rendering of or failure to render health care services. *Id.*, ¶¶ 15-35. On that same day, Plaintiff filed an Affidavit of Merit ("First Affidavit of Merit"). Doc. #2. Therein, Plaintiff's counsel swore under oath he "obtained the written opinion of a legally qualified health care provider which states that the health care providers employed by…Defendant who provided care and treatment to the Plaintiff…failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances…." *Id.*, at 1. Plaintiff's counsel identified Ahmad Batrash, M.D., as the legally qualified health care provider who rendered the written opinion. *Id.*

On January 6, 2017, Defendant moved to strike the First Affidavit of Merit and asked the Court to dismiss Plaintiff's Complaint because he failed to comply with section 538.225.6 of the Missouri Revised Statutes. Doc. #6. On January 16, 2017, Plaintiff filed a new Affidavit of Merit ("Second Affidavit of Merit"). Doc. #9. Therein,

Plaintiff's counsel declared he obtained the written opinion of Bradley L. Freilich, M.D., who stated the health care providers employed by Defendant "failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances…." *Id.*, at 1. Plaintiff opposes Defendant's motions, which are now ripe for consideration.

## II.    DISCUSSION

As to Defendant's liability under the FTCA, Missouri substantive tort and medical malpractice law applies. 28 U.S.C. §§ 1346(b)(1), 2674. The parties agree Plaintiff must comply with Missouri law, including the health care affidavit requirement set forth in section 538.225 of the Missouri Revised Statutes. Doc. #6, at 1; Doc. #10, at 2. The relevant portions of that statute provide:

> 1. In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.
>
> 2. As used in this section, the term "legally qualified health care provider" shall mean a health care provider licensed in this state or any other state in the same profession as the defendant and either actively practicing or within five years of retirement from actively practicing substantially the same specialty as the defendant.
>
> 3. The affidavit shall state the name, address, and qualifications of such health care providers to offer such opinion.
>
> 4. A separate affidavit shall be filed for each defendant named in the petition.
>
> 5. Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days.
>
> 6. If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice.

2

Mo. Rev. Stat. § 538.225(1-6) (2015). Affidavits of merit must meet these statutory requirements. *See e.g.*, *Mayes v. Saint Luke's Hosp. of Kan. City*, 430 S.W.3d 260, 271-72 (Mo. banc 2014); *see also State ex rel. Farley v. Jamison*, 346 S.W.3d 397, 400 (Mo. Ct. App. 2011). Defendant contends Plaintiff's First Affidavit of Merit does not comply with section 538.225 and must be stricken. Plaintiff argues the affidavit complies with the statutory requirements. Doc. #10, at 3-5.

Dr. Batrash is employed by Defendant at the Kansas City Veteran Affairs Medical Center ("Medical Center"), which is the entity at the source of Plaintiff's FTCA claims. Doc. #1; Doc. #6-1, at ¶¶ 4-12. Dr. Batrash, who executed a declaration that was attached to Defendant's motion, stated he never provided a written opinion about Defendant's employees (which would include him) failing to comply with the standard of care. Doc. #6-1, ¶¶ 9-13. In fact, Dr. Batrash never provided any written opinion to Plaintiff's counsel. *Id.*, ¶ 14. At most, Dr. Batrash entered a note in Plaintiff's medical records on October 7, 2015, indicating he had a conversation with other Medical Center health care providers and members of Plaintiff's family to discuss Plaintiff's care. *Id.*, ¶¶ 11-12.

This October 7, 2015 note was attached to Plaintiff's Complaint. Doc. #1-1, at 11-12; Doc. #1-2, at 1-2. Plaintiff acknowledges this note is the "written opinion" by Dr. Batrash identified in the First Affidavit of Merit. Doc. #10, at 7. The note is entitled "Institutional Disclosure of Adverse Event." Doc. #1-1, at 11. It indicates Plaintiff's liver cancer "clearly should have been diagnosed earlier," and the "root causes of this medical error" are being investigated. *Id.* Plaintiff argues this note satisfies the section 538.225 requirements.

The note, however, does not state the "health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances." *Id.*, at 11-12. In addition, the note does not maintain the health care provider's actions "directly caused or directly contributed to cause the damages claimed" in Plaintiff's Complaint. *Id.* Moreover, the note does not establish Dr. Batrash is a "legally qualified health care provider" as statutorily defined. *Id.*

Plaintiff has not cited any cases suggesting a doctor's note contained in medical records qualifies as a "written opinion" under the statute. Neither has Plaintiff cited any

3

cases establishing his First Affidavit of Merit, which is based upon the doctor's notation, satisfies the statutory requirements. The Court finds Plaintiff's First Affidavit of Merit does not satisfy the requirements of section 538.225. Accordingly, Defendant's Motion to Strike the First Affidavit of Merit is granted.

Also pending is Defendant's Motion to Dismiss based upon Plaintiff's First Affidavit of Merit failing to comply with section 538.225. After Defendant filed its motions, Plaintiff filed his Second Affidavit of Merit. Doc. #9. The Second Affidavit of Merit was filed within 90 days of Plaintiff commencing this lawsuit, and otherwise appears to comply with section 538.225. In light of Plaintiff's Second Affidavit of Merit, Defendant's motion to dismiss is denied at this time.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike is granted. Document #2 is stricken. Defendant's Motion to Dismiss is denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: January 31, 2017    UNITED STATES DISTRICT COURT